MARC J. FAGEL (Cal. Bar No. 154425)
SHEILA E. O'CALLAGHAN (Cal. Bar No. 131032)
  fickesm@sec.gov
SUSAN L. LAMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
  pendreyj@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>ROBERT C. BROWN, JR. AND TREBOR COMPANY (AKA TREBOR INVESTMENT COMPANY, TREBOR SEMINARS, TREBOR GROUP AND TREBOR GROUP FUND),<br><br>    Defendants,<br><br>    and<br><br>DUANE EDDINGS, CDC GLOBAL, INC. AND WISE INVESTORS SIMPLY EXCEL, LLC,<br><br>    Relief Defendants. | Case No. C 08-03517 EMC<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>ORDER RESETTING CMC |

1       Pursuant to the Northern District's March 1, 2007 Standing Order, plaintiff Securities and
2  Exchange Commission (the "Commission") and defendant Duane Eddings ("Eddings") submit this
3  Joint Case Management Statement.
4       On July 23, 2008, the Commission filed this action against defendant Robert C. Brown, Jr.,
5  and his sole proprietorship, Trebor Company, also known as Trebor Investment Company, Trebor
6  Seminars, Trebor Group and Trebor Group Fund (collectively, "Trebor Company").  The
7  Commission alleged that since at least 2000, Brown misappropriated more than $20 million from
8  hundreds of investors in a classic ponzi scheme, using new investor money to pay off earlier
9  investors.  As part of its complaint, the Commission named Duane Eddings and two affiliated entities
10 Wise Investors Simply Excel, LLC and CDC Global, Inc. as relief defendants.  According to the
11 Commission's complaint, Wise and CDC, both entities which Eddings controlled, received
12 approximately $8.5 million through Brown and Trebor Company's fraudulent scheme and had no
13 legitimate claim to the money.
14      On February 26, 2009, Brown and Eddings were indicted by a Grand Jury in the United States
15 District Court for the Eastern District of California for four counts of mail fraud [18 U.S.C. § 1341],
16 eight counts of wire fraud [18 U.S.C. § 1343] and 10 counts of engaging in monetary transactions
17 over $10,000 in property derived from specified unlawful activity [18 U.S.C. § 1957]. The indictment
18 alleged essentially the same misconduct alleged in the Commission's complaint in this action.   On
19 April 6, 2010, pursuant to a plea agreement, Brown entered a change of plea in the criminal case.
20 The date for judgment and sentencing for Brown has been continued on several occasions and is now
21 scheduled for March 6, 2012.  Shortly thereafter, Brown entered into a settlement with the
22 Commission, and on July 1, 2011, the Court entered a Final Judgment as to Brown based on the
23 settlement.  Accordingly, the case against Brown is resolved and the Commission does not expect
24 him to appear at the CMC.
25      On May 12, 2009, a Grand Jury issued a Superseding Indictment against Mr. Eddings.   The
26 criminal action against Mr. Eddings went to trial on October 24, 2011, resulting in a jury verdict of
27 guilty on six counts of mail fraud, one count of wire fraud, three counts of engaging in monetary
28 transactions over $10,000 in property derived from specified unlawful activity, three counts of tax

evasion [18 U.S.C. § 7201] and criminal forfeiture [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]. The Court has set judgment and sentencing for Mr. Eddings for March 6, 2012.

The Commission and relief defendant Eddings have discussed a possible resolution regarding disgorgement of the monies Mr. Eddings and the entities he controlled received from Brown as a result of the fraud. The parties currently anticipate waiting for the sentencing before coming to a complete resolution of this action as both the Commission and Mr. Eddings expect what is ordered in the criminal case will be important to the outcome here. The parties therefore recommend that the Court put off the Case Management Conference until after Mr. Eddings is sentenced. The parties should be in a better position to inform the Court about the prospects for possible resolution at that time.

Therefore the Commission and relief defendant Eddings ask the Court to continue the case management conference until after Mr. Eddings' March 6, 2012 date for sentencing. The parties ask the Court to continue the conference currently set for November 28, 2011 at 4:00 p.m. to ~~March 19, 2012 at 4:00 p.m.~~ March 23, 2012 at 9:00 a.m.

The parties' joint case management conference statements shall be filed on or before March 16, ~~12~~, 2012.

DATED: November 21, 2011                Respectfully Submitted,

/s/ Sheila E. O'Callaghan
Sheila E. O'Callaghan
Jeremy E. Pendrey
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION

DATED: November 21, 2011                Respectfully Submitted,

/s/ Joseph J. Wiseman
Joseph J. Wiseman
Wiseman Law Group
Attorney for Defendant
Duane A. Eddings (in the criminal action)

1  The Commission's undersigned counsel of record, Sheila E. O'Callaghan, hereby attests that
Joseph J. Wiseman concurs in the filing of this Case Management Conference Statement in accordance
2  with General Order No. 45, Electronic Case Filing, section 10(b).

3

4  IT IS SO ORDERED that the CMC is reset from 11/28/11 to 3/23/12 at 9:00 a.m.  A joint CMC
statement shall be filed by 3/16/12.

5

6  _____

7  Edward M. Chen
U.S. District Judge



IT IS SO ORDERED
AS MODIFIED
Judge Edward M. Chen